**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN BELLOCCHIO,

Plaintiff,

v. No. 1:23-cv-00390-DHU-JFR

NEW MEXICO OFFICE OF THE SECRETARY OF STATE,
SECRETARY OF STATE MAGGIE TOULOUSE OLIVER,
DEPUTY SECRETARY OF STATE SHARON PINO, and
DEPUTY SECRETARY OF STATE FOR ELECTIONS MANDY VIGIL,

Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, filed a Complaint alleging that Defendants have known about "the dangers of" "a psuedo-religious organization called the 'Servants of the Paraclete' existing in Jemez Springs, Sandoval County, New Mexico." Complaint and Request for Injunction at 10, Doc. 1, filed May 5, 2023. Plaintiff alleges that the New Mexico Office of the Secretary of State publicly displays the Servants of the Paraclete's certificate of good standing in the Office's database of charities thereby allowing Servants of the Paraclete "to open and operate facilities housing dangerous pedophile priests throughout the United States." Complaint at 10. Plaintiff, who resides in New Jersey, alleges:

> Plaintiff has suffered irreparable injury because the Servants of the Paraclete are allowed to prosper in New Mexico, shielding individuals who may wish to bring further harm to the plaintiff, from justice, including those who may be inspired by political rhetoric to commit acts of violence ... This creates a significant potential danger to the plaintiff, his livelihood which requires interstate travel, and, by extension, to every victim of clerical sexual abuse in the United States ... the New Mexico Secretary of State, in allowing the Servants of the Paraclete to operate without recompense or regulation hiding wanted pedophile priests wherever they would like, deprives plaintiff and other victims of their Constitutional right to due process.

Complaint at 12. Plaintiff also asserts claims pursuant to 18 U.S.C. § 242 Deprivation of rights under color of law, 18 U.S.C. § 1341 Frauds and swindles, and "18 U.S.C. § 2474 Aiding and Abetting the Commission of a Crime" which United States Magistrate Judge John F. Robbenhaar construed as asserting a claim pursuant to 18 U.S.C. § 2. *See* Order to Show Cause, at 2, Doc. 4, filed May 9, 2023. The only relief Plaintiff seeks is: "that the District Court direct the New Mexico Secretary of State, without delay, to suspend the 'certificate of good standing' assigned to the Servants of the Paraclete immediately and until further notice." Complaint at 13.

Judge Robbenhaar notified Plaintiff that:

(i) The Complaint fails to state claims pursuant to 18 U.S.C. §§ 242, 1341 and 2 because those are criminal statutes and "criminal statutes do not provide for private civil causes of action." Order to Show Cause at 2.

(ii) The Complaint does not show that the Court has jurisdiction over the claims against Defendant New Mexico Office of the Secretary of State and the individual Defendants in their official capacities because:

> "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2. v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir.2009). And because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," the Eleventh Amendment provides immunity "when [s]tate officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 166, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

Order to Show Cause at 3 (quoting *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013)).[1]

[1] *Ex parte Young* provides an exception to state sovereign immunity where a plaintiff shows that he is: "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief"). *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). The Complaint does not contain factual allegations showing that

(iii) The Complaint fails to show that the Court has federal question or diversity jurisdiction over Defendants Toulouse Oliver, Pino and Vigil in their individual capacities because there are no allegations that this matter arises under the laws of the United States or that the amount exceeds $75,000. *See* Order to Show Cause at 3-5.

(iv) It appears that the Court lacks jurisdiction to consider Plaintiff's claims because the Complaint does not contain sufficient factual allegations showing that Plaintiff suffered an injury in fact, that the New Mexico Secretary of State's display of the Servants of the Paraclete's certificate of good standing has caused, is causing or will cause any injury to Plaintiff, or that ordering the New Mexico Secretary of State to suspend the certificate of good standing would redress any injury or potential injury to Plaintiff, all of which are required to demonstrate Article III standing. *See* Order to Show Cause at 5-6.

(v) The Complaint fails to state a claim against Defendants Toulouse Oliver, Pino and Vigil pursuant to federal law due to insufficient factual allegations. *See* Order to Show Cause at 6 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.")).

(vi) The Court cannot issue a temporary restraining order or preliminary injunction at this time. *See* Order to Show Cause at 7-8 (stating the requirements for the Court to issue a temporary restraining order and preliminary injunction and explaining why the Complaint fails to state a claim for a temporary restraining order and preliminary injunction).

---

the Court has federal question jurisdiction or that there is an ongoing violation of federal law. *See* Order to Show Cause at 3-7.

Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and for failure to state a claim, and to file an amended complaint. *See* Order to Show Cause at 10 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause, file an amended complaint or otherwise respond to Judge Robbenhaar's Order to Show Cause by the May 30, 2023, deadline.

The Court concludes it does not have jurisdiction over this case because: (i) the Complaint does not contain allegations to support federal question or diversity jurisdiction; (ii) Plaintiff did not show cause why the Court why the Court should not dismiss this case for lack of jurisdiction or otherwise respond to Judge Robbenhaar's Order to Show Cause; and (iii) Plaintiff did not file an amended complaint containing factual allegations supporting jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original). Because it is dismissing this case for lack of jurisdiction, the Court denies Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 5, 2023, as moot.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 5, 2023, is **DENIED as moot.**

**UNITED STATES DISTRICT JUDGE**